**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY YOUNG and CRAIG YOUNG, wife and husband and the marital community comprised thereof,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>REGENCE BLUESHIELD, a Washington non-profit corporation and JOHN DOES, 1 to 25,<br><br>    Defendants - Appellees. | No. 09-36025<br><br>D.C. No. 2:07-cv-02008-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted July 15, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and CEBULL, Chief District
Judge.[**]

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable Richard F. Cebull, United States District Judge for the
District of Montana, sitting by designation.

Kimberly and Craig Young appeal the district court's dismissal of their claims against Regence Blueshield under Rules 12(b)(1), 12(b)(7), and Rule 19 of the Federal Rules of Civil Procedure. The district court acted within its discretion in dismissing the case under Rule 12(b)(7) for failure to join a required party.

1.

A party is a required party to an action under Rule 19 if "the court cannot accord complete relief among existing parties" in the absence of that party. Fed. R. Civ. P. 19(a)(1)(A). The district court did not abuse its discretion in determining that the "Preferred Providers" were required parties because the Youngs sought to require that the Preferred Providers (who would not be bound by a district court decision in this case) bill them at the lower rate.[1] Because this ground is alone sufficient to make the Preferred Providers required parties, we need not address whether the Preferred Providers "claim[] an interest" in the lawsuit under Rule 19(a)(1)(B).

---

[1] Requiring Regence to rewrite its Subscriber Agreements to state clearly that the subscriber would be billed for services for which benefits were exhausted at the provider's non-contracted rates would be a pyrrhic victory that would not provide the class "meaningful relief." *Cf. Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879–80 (9th Cir. 2004). The language at issue in this case is, in any event, no longer in the Agreements.

The district court did not abuse its discretion in determining that the required parties (some 22,000 entities) could not feasibly be joined. *See, e.g.*, *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 536 (9th Cir. 1981) (discussing how joinder of 4500 employers proved impossible). Finally, the Youngs have an adequate alternative remedy (administrative appeal) and the equities of the case do not preclude dismissal.

2.

Prior to dismissing the case for failure to join required parties, the district court dismissed the Youngs' state law damage claims under Rule 12(b)(1) for lack of standing. We may affirm on any ground supported by the record. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). Since the Rule 12(b)(7) analysis above also applies to the state law damage claims, we affirm the district court's dismissal of these claims without reaching the question of standing.

**AFFIRMED**.